DEAN LIQUOR DISTRIBUTORS, INC., Respondent, *v.* SOMERSET IMPORTERS, LTD., et al., Appellants.

First Department, April 9, 1943.

*Bernard Hershkopf* of counsel (*Wm. Peyton Marin* with him on the brief; *Kresel, Hershkopf, Marin & Meyerson,* attorneys), for appellants.

*Arthur Taft* of counsel (*Clarence P. Goldberg,* attorney), for respondent.

Order affirmed, with twenty dollars costs and disbursements. Where the facts alleged are sufficient to show doubt, it is not necessary to allege in express words that there is such a doubt.

MARTIN, P. J., DORE and CALLAHAN, JJ., concur; UNTERMYER, J., dissents with opinion, in which COHN, J., concurs.

UNTERMYER, J. (dissenting). The plaintiff, instead of pleading the ultimate fact to be established that " the plaintiff is in doubt as to the person from whom he is entitled to redress " (Civ. Prac. Act, § 213), has pleaded two evidentiary facts which, it is contended, allege the existence of such a doubt. These allegations are that the agent, Linencohl, represented that he was authorized to act for the corporate defendant and that the corporate defendant has repudiated the agent's authority. Giving full weight to these allegations it does not follow that the plaintiff at the time of the commencement of the action enter-

tained any doubt on the question of the authority of the agent, for it could truthfully have made those allegations even if it was in possession of facts which had dispelled any possible doubt concerning the party against whom it might recover. The allegations of the complaint would be true even if the plaintiff was in possession of a written power of attorney by the principal to the agent. A plaintiff under section 213 of the Civil Practice Act should not be permitted to subject to litigation a party against whom no definite cause of action is alleged, except upon proper allegation and proof that he entertains doubt concerning the person against whom he is entitled to recover.

The order should be reversed and the motion to dismiss the second cause of action granted, with leave to the plaintiff to serve an amended complaint.